UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MARY EBERHARDT**                                                                                   **PLAINTIFF**

v.                                            CIVIL ACTION NO: 3:15-CV-63-CRS (E-FILED)

**UNITED STATES OF AMERICA**                                                          **DEFENDANT**

## ANSWER

The Defendant United States of America, by counsel, states as follows as its Answer to Plaintiff's complaint:

## RESPONSES TO NUMBERED PARAGRAPHS IN COMPLAINT

1. Defendant admits that Plaintiff purports to invoke this Court's jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*., and that the Court has jurisdiction over FTCA matters pursuant to 28 U.S.C. § 1346(b).

2. The United States is without specific knowledge as to the accuracy of the allegations set forth in numerical paragraph two of the complaint and, therefore, must deny same.

3. Defendant admits that this Court has venue of the claims made in this action.

4. The United States admits that the Department of Veterans Affairs owns and operates the Veteran's Administration Hospital ("VAMC") located in Louisville, Kentucky, and that Plaintiff's claims involve treatment provided at said medical facility. The United State further admits that Rule 4(i) of the Federal Rules of Civil Procedure sets forth the proper method of serving the United States in this case.

5. Defendant admits that Plaintiff timely presented an administrative claim form that was received by the Department of Veterans Affairs on March 17, 2014. The United States

denies that said form sets forth a cause of action recognized by Kentucky law and Defendant denies any wrongdoing set forth within said claim. The United States admits that Exhibits 1 and 2 of Plaintiff's complaint are true and accurate copies of Plaintiff's administrative filing and the Department of Veteran's Affairs March 18, 2014, acknowledgement of said filing, respectively. The United States further admits that it did not communicate its final disposition to Plaintiff or Plaintiff's attorney within six months of the filing of the administrative claim.

   6. The United States admits that Plaintiff underwent treatment at the VAMC and was diagnosed as having renal stones and, thereafter, underwent an ESWL. Defendant further admits that postoperatively the records indicate that Plaintiff had "a cherry hematoma about her right flank" that was described as a "bruise/skin breakdown." Subsequently, the area was noted as having "scattered areas of brown necrotic tissue" of the epidermis which was eventually treated by debridement and skin grafting. The United States is without specific knowledge as to the accuracy of the remaining allegations set forth in numerical paragraph six of the complaint and, therefore, must deny same.

   7. The allegations of numerical paragraph seven of the complaint are admitted.

   8. The allegations set forth in numerical paragraph eight of the complaint are denied.

   9. The allegations set forth in numerical paragraph nine of the complaint are denied.

   10. The allegations set forth in numerical paragraph ten of the complaint are denied.

   11. The allegations set forth in numerical paragraph eleven of the complaint are denied.

   The remainder of the allegations in Plaintiff's complaint constitutes a prayer for relief, to which no response is required. To the extent a response is deemed required, the allegations are denied.

All allegations not specifically admitted or denied in the foregoing numbered responses are hereby denied.

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim upon which relief may be granted.

2. Defendant denies that any employee or representative of the United States committed any negligent or wrongful act or omission while acting in the scope of said employment, and denies proximately causing or contributing to the damages alleged.

3. Defendant did not breach a recognizable duty owed to Plaintiff.

4. The injuries and damages alleged in the complaint were proximately caused by the act or omission of persons other than employees of the United States. As such, any determination of fault should be apportioned, pursuant to the doctrine of comparative fault, to those responsible, whether parties to the current action or not.

5. Pursuant to the Federal Tort Claims Act, attorney's fees are taken out of any judgment or settlement and are governed by statute and costs cannot be awarded in this case.

6. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that set forth in the administrative claim presented to the agency.

7. Plaintiff's recovery against Defendant, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

8. Pursuant to 28 U.S.C. § 2674, Plaintiff cannot recover pre-judgment interest from Defendant.

9. Should Plaintiff obtain any award from Defendant, Plaintiff is entitled to post-judgment interest only to the extent authorized by law.

10. Defendant United States is entitled to an offset for any benefits paid to or on behalf of Plaintiff by any agency of the United States.

11. To the extent that the complaint raises causes of actions, claims, demands, and/or items of damages not asserted in the administrative claim, there has been a failure to exhaust administrative remedies.

12. The injuries and damages of which Plaintiff complains, if any, are due in whole or in part to pre-existing conditions or injuries, and any recovery should accordingly be denied or proportionately reduced.

13. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

14. The United States is not liable for acts of persons who are not employees of agencies of the United States or providing health care pursuant to a personal services contract.

15. Plaintiff's injuries, if any, were caused or contributed to by her own negligence.

16. Plaintiff failed to mitigate her damages.

17. To the extent the Federal Tort Claims Act does not authorize a state law claim, same must be dismissed.

18. Defendant asserts that it has, or may have, additional affirmative defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, based on all the foregoing, the United States requests:

1. That Plaintiff's complaint be DISMISSED;

2. That all costs be assessed against Plaintiff; and,

3. Such other relief as the court deems just and proper.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

/s/ *Michael D. Ekman*
Michael D. Ekman
Assistant U.S. Attorney
717 W. Broadway
Louisville, KY 40202
(502) 625-7102/Fax: (502) 625-7110
michael.ekman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Carl D. Frederick
Steven M. Frederick
Frederick Law Firm
161 Chenoweth Lane
Louisville, KY 40207

/s/ *Michael D. Ekman*
Michael D. Ekman
Assistant U.S. Attorney
717 W. Broadway
Louisville, KY 40202
(502) 625-7102/Fax: (502) 625-7110
michael.ekman@usdoj.gov